Gasper TUCCI, Plaintiff,

v.

**INTERNATIONAL UNION OF OPER-
ATING ENGINEERS, LOCAL 66,
AFL–CIO, Defendant.**

**Civ. A. No. 34–70 Erie.**

United States District Court,
W. D. Pennsylvania.

Sept. 17, 1970.

Richard H. Scobell, Erie, Pa., for plaintiff.

Stanford A. Segal, Gatz, Cohen & O'Brien, Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

This is an action for damages suffered from an alleged unfair labor practice of defendant under the National Labor Relations Act, as amended, 29 U.S.C. § 141 et seq.

Plaintiff in this case is the man with a hoe. In this mechanized age it is a power backhoe which he uses to undertake contracts for excavation work in the construction industry. The Complaint alleges that in October 1969 Plaintiff had a labor dispute with Defendant. During this time Plaintiff had subcontracts for excavation work with several contractors in the construction industry. He alleges in his Complaint that Defendant union, which had no labor dispute with these contractors, threatened the contractors to stop all work on their projects unless they terminated their contracts with Plaintiff, as a result of which he suffered damages. Plaintiff bases his cause of action on defendant's violation of the unfair labor practice provisions of

29 U.S.C. § 158(b) (4) and claims jurisdiction under 29 U.S.C. § 187.

Defendant union has moved to dismiss for lack of jurisdiction because Plaintiff is not engaged in interstate commerce within the meaning of the Act, 29 U.S.C. §§ 142 and 187. To determine the jurisdictional question we called for briefs and evidentiary material. Plaintiff has supplied evidentiary material in the form of an affidavit and the records of an N.L.R.B. proceeding which supply prima facie evidentiary support for Plaintiff's contention that the parties against which the threats of disruption of their work were made were engaged in interstate commerce within the meaning of the Act and that the project upon which Plaintiff and these contractors were working had a substantial affect on interstate commerce. N.L.R.B. v. Denver Building & Construction Trades Council, 341 U.S. 675, 71 S.Ct. 943, 95 L.Ed. 1284 (1951). Defendant produced no evidentiary material and did not dispute the evidentiary material produced by Plaintiff but in its brief relied on the fact that Plaintiff produced no evidence of the interstate character of his own business.

It is clear from the evidentiary material supplied that Plaintiff could not sustain the burden of proof that he was engaged in interstate commerce or that his own operations sufficiently affected interstate commerce so as to bring him within the jurisdictional definitions. His operations are strictly local and the volume of commerce affected by them is certainly "de minimus". N.L.R.B. v. Fainblatt, 306 U.S. 601, 607, 59 S.Ct. 668, 83 L.Ed. 1014 (1939); N.L.R.B. v. Townsend, 185 F.2d 378 (9th Cir. 1950).

However it is not essential that jurisdiction be based on the fact that Plaintiff himself be engaged in interstate commerce. This was held to be a jurisdictional requirement prior to the adoption of the 1959 amendment to 29 U.S.C. § 158(b) (4) which made the cause of action dependent upon a secondary boycott against "any employer", with no definition of that term. Under this language it was held that the jurisdiction

depended upon proof that the "primary employer" was engaged in interstate commerce. See N.L.R.B. v. Denver Building & Construction Trades Council, supra.

The 1959 amendment to 29 U.S.C. § 158 (b) (4) changed the scope of the definition of the unfair labor practice to cover a secondary boycott against a secondary employer who was engaged in interstate commerce. "The legislative history does indicate, however, that Congress was primarily concerned with strengthening the prohibition of secondary boycotts, and that it acted in the belief that the statute, as amended, would prohibit all activity of this sort which was 'covered by the present law' and other activities not previously covered as well. Senate Resolution 181, Legislative History of the Labor-Management Reporting and Disclosure Act of 1959 (Vol. II) pp. 1382, 1383." Burman, Inc. v. Local 3 Inter. Bro. of Elec. Wkrs., 214 F.Supp. 353, 357 (S.D.N.Y.1963).

The amended statute reads:

158(b) "It shall be an unfair labor practice for a labor organization or its agents—

\*     \*     \*     \*     \*     \*

(4) (ii) to threaten, coerce, or restrain any person engaged in commerce or in an industry affecting commerce, where in either case an object thereof is—

(A) forcing or requiring any employer or self-employed person to join any labor or employer organization or to enter into any agreement which is prohibited by subsection (e) of this section;

(B) forcing or requiring any person to \* \* \* cease doing business with any other person, or forcing or requiring any other employer to recognize or bargain with a labor organization. \* \* "

29 U.S.C. § 187(a) makes the activity described in Sec. 158(b) (4) unlawful in an industry or activity affecting interstate commerce and 29 U.S.C. § 187(b) gives a civil remedy in the U.S. District Court to *any person* injured in his business by reason of a violation of Sec. 187(a).

The activity of Defendant of which Plaintiff complains was threats to stop all work of the construction projects of contractors where Plaintiff was engaged unless these parties terminated their contracts with the Plaintiff.

█ The jurisdictional requirement of the statute is satisfied if the secondary employer against whom the threats were made is engaged in an industry affecting interstate commerce. Burman, Inc. v. Local 3, Inter. Bro. of Elec. Wkrs. supra.

In his evidentiary material Plaintiff has produced his own affidavit as to the interstate character of the project on which he was working, the amounts of materials supplied to the prime contractors through the channels of interstate commerce, and the total cost of the project. In addition Plaintiff has produced the record of the National Labor Relations Board proceeding of unfair labor practice by this Defendant upon complaint of the present Plaintiff, at Case No. 6–CC–595. Therein it was alleged that Heinlein, Inc., Trico Electric Inc., and Althof, Inc. were all contractors engaged in building an industrial building and that Defendant's agent threatened to stop all work on the project upon which they were engaged unless Althof, Inc. terminated its excavation contract on the project with Tucci, the present Plaintiff. It was stipulated in that proceeding by the present Defendant that Heinlein, Inc., Trico Electric Inc. and Althof, Inc. were at all times material engaged in commerce within the meaning of the National Labor Relations Act, and the decision and order of the N.L.R.B. so found.

█ We recognize that the N.L.R.B. proceeding is an independent proceeding and that the Board's findings are not res judicata in a suit under 29 U.S.C. § 187. But the stipulation and admission made by the present Defendant in that case supplies evidentiary material which this court can consider in disposing of Defendant's present motion. None of the factual representations made by Plaintiff in support of his claim to jurisdiction are disputed. Defendant has produced no proof to the contrary. It rests upon its assertion that Plaintiff's own business is insufficient to affect interstate commerce. We hold that not to be essential.

Defendant's references to Local 384, Intern. Broth. of Teamsters, etc. v. Patane, 232 F.Supp. 740 (E.D.Pa.1964), and Hiatt v. Schlecht, 400 F.2d 875 (9th Cir. 1960) are not pertinent. Both cases involve suits by a union to enforce provisions of its collective bargaining agreement against an employer and both were dismissed for failure to show that the defendant employer was engaged in interstate commerce. We do not believe that the decision in Groneman v. International Broth. of Elec. Wkrs., Local Union No. 354, 177 F.2d 995 (10th Cir. 1949) is controlling in view of the facts disclosed in that opinion showing doubt as to whether any secondary boycott existed, and the limitation of the effect of any unlawful activity solely to the plaintiff, whose interstate activity was minimal. It is noted that this case preceded the 1959 amendment of the Act, referred to above.

█ We therefore hold that Plaintiff has supported his jurisdictional allegations and that Defendant's motion must be denied.